IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES LUCAS,

      **Plaintiff,**

v.                                                 Civil Action No. 1:05CV19

**JUDGE DAVID JANES;**
**JUDGE RONALD E. WILSON; and**
**JUDICIAL INVESTIGATION COMMISSION,**

      **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

On January 27, 2005, the *pro se* plaintiff, an inmate at the Mt. Olive Correctional Complex, filed a document titled "Complaint Concerning West Virginia Judiciary." The plaintiff did not set forth a request for relief. The action has been filed as civil rights complaint under 42 U.S.C. §1983.

In the complaint, the plaintiff states that he had filed a complaint with the Judicial Investigation Commission against Judge Janes, Judge for the 16th Judicial Circuit of West Virginia, "for abuse of discretionary powers in his ruling concerning a violation of state law by another public official." The Commission found that Judge Janes was making a finding of fact. The plaintiff states that he appealed the Commission's finding to the West Virginia Supreme Court of Appeals but his appeal was "ignored."

In the body of the complaint, the plaintiff separated his complaint into sections titled "Ethics Complaint against Judge Janes" and "Ethics Complaint Against Judge Wilson: (and ) Collaborating Individuals of the Judicial Investigation Commission."

The plaintiff makes the following allegations against Judge Janes:

1. Judge Janes unethically and willfully abused the power of his office, by his active participation in the continued cover-up of governmental misconduct in Marion County, to wit: Skirting or otherwise misrepresenting the facts of the case for the purpose of continuing to cover up a Police Detective's violation of the crime of felony perjury before a Marion County Grand Jury on 13 October, 1999.

2. Judge Janes willfully abused the power of his office when he misrepresented the facts of the case in a "final order" submitted by the court on 6/8/04. To Wit: Judge Janes, in an attempt to legitimize misconduct of another Judge, (ex-judge Merrifield) falsified his 'finding' in the FINAL ORDER, alleging statements made by defense attorney Stanton, in an attempt to cover up Merrifield's misconduct.

Apparently, Judge Merrifield presided over the plaintiff's criminal case involving sexual abuse of a child. At trial, a Sheriff's Detective testified that the child had been examined for sexual abuse. However, according to the plaintiff, "trial testimony and hearing testimony indicate clearly that no state agent ever had the child examined for sexual abuse. The state failed to present any evidence of medical verification during the trial."

From the complaint, it appears Judge Janes heard his petition for habeas corpus and denied it. In denying the petition, Judge Janes stated that "[a]lthough Petitioner obviously disagrees with the testimony of Detective James, petitioner has offered no credible evidence that Detective James's Grand Jury testimony was untruthful." The plaintiff believes the detective committed perjury and that Judge Janes covered up the felony perjury.

He further asserts that his attorney, Mr. Stanton was to move for recusal of Judge Merrifield on the grounds of bias. However, instead of moving for recusal of Judge Merrifield, he moved to continue the case. Judge Merrifield then offered to release Stanton and Stanton accepted the offer.

2

According to the plaintiff, Judge Janes stated in his final order that Stanton had asked to be released. The plaintiff states that "Judge Janes misrepresented the facts for, among other reasons, to continue to cover up Merrifield's vindictive and unethical (and probably illegal behavior)." The plaintiff states that Judge Jane's refusal to upheld state law violates Canons 1-4 of the Judicial Code of Conduct.

The plaintiff also asserts that "the Commission failed to do its legal duty to uphold state law, and now shares accountability for the cover up along with Judge Janes."

On April 18, 2005, the plaintiff filed a Complaint Concerning West Virginia Judiciary in which he names the justices of the West Virginia Supreme Court of Appeals. This document was filed as an amended complaint. In his amended complaint, the plaintiff states that the West Virginia Supreme Court failed to uphold state law in violation of the Code of Judicial Conduct. He also states the Supreme Court refused his amendment to his direct appeal, and "the 14th Amendment Due Process rights are violated when the State's highest court denies a convicted person the protection of state constitutional law in his attempt to right a wrongful conviction."

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P83.02. Having screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§ § 1915(e) and 1915A[1], the undersigned

---

[1]28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss

concludes that the plaintiff's complaint be summarily dismissed.

## II. ANALYSIS

Liberally construing the plaintiff's complaint as required by Haines v. Kerner, 404 U.S. 519, 520 (1972), it appears to the undersigned that the plaintiff may be attempting to allege that his constitutional rights were violated by the decisions rendered by Judge Janes, the Commission and the Justices of the West Virginia Supreme Court of Appeals.

However, federal district courts do not have jurisdiction to review a decision rendered by a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Only the United States Supreme Court has the authority to review state court decisions. Feldman 460 U.S. at 476. This prohibition on a federal court's review of state court decisions is known as the Rooker-Feldman doctrine. See McWilliams v. McWilliams, 804 F.2d 1400 (5th Cir. 1986).

Thus, the undersigned recommends that complaint be dismissed as frivolous because the Court lacks subject matter jurisdiction to hear this case.

## III. RECOMMENDED DECISION

Based on the foregoing, the undersigned recommends that the complaint and amended complaint be dismissed under 28 U.S.C. §1915 and 1915A because the complaint is frivolous. Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which

---

the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation /Opinion to the *pro se* plaintiff.


DATED: June 9, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE