IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES LUCAS,

    Plaintiff,

v.                                Civil Action No. 1:05CV19
                                                  (STAMP)

JUDGE DAVID JANES,
JUDGE RONALD E. WILSON,
JUDICIAL INVESTIGATION COMMISSION,
JUSTICE JOSEPH P. ALBRIGHT,
JUSTICE BRENT D. BENJAMIN,
JUSTICE ROBIN JEAN DAVIS,
JUSTICE ELLIOTT E. MAYNARD and
JUSTICE LARRY V. STARCHER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

On August 9, 2004, pro se plaintiff, James Lucas, filed a request for relief that was construed as a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court referred the complaint to United States Magistrate Judge John S. Kaull for screening pursuant to 28 U.S.C. § 1915(e) and 1915A. The case was transferred to the undersigned judge on April 4, 2005.

On February 28, 2005, the plaintiff filed a motion requesting permission to address the court on a jurisdictional matter without affecting his right to submit an omnibus habeas petition. On April 22, 2005, the plaintiff submitted an amended complaint.

On June 10, 2005, the magistrate judge entered a report recommending that the plaintiff's complaint and amended complaint be dismissed. On that same date, he entered an order denying the

plaintiff's request for permission to address the Court on a jurisdictional matter.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  The plaintiff filed timely objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's recommendation should be affirmed and adopted.

In his report, the magistrate judge construed the plaintiff's complaint as an attempt to allege violations of his constitutional rights -- specifically, violations based on decisions rendered in his underlying state case by Judge David Janes, the West Virginia Judicial Investigation Commission, and the Justices of the Supreme Court of Appeals of West Virginia.  The magistrate judge found that this Court lacks jurisdiction to review the decisions rendered by state courts pursuant to the Rooker-Feldman[1] doctrine.  Thus, the

---

[1] See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

magistrate judge recommended this case be dismissed for lack of jurisdiction.

In his objections, the plaintiff claims that he did not intend to state claims for civil rights violations. Rather, he argues that he intended for this action strictly to serve as an "ethics complaint," rather than a civil rights suit.

Because the plaintiff has expressly stated that his complaint is not one brought pursuant to 42 U.S.C. § 1983, this Court will not consider its merits on that basis. However, the plaintiff's complaint must still be dismissed for lack of jurisdiction. Federal courts have limited jurisdiction -- a case or controversy must arise under federal law or involve parties whose citizenship is diverse in order for this Court to have the power to hear it. See 28 U.S.C. §§ 1331 and 1332. This Court does not have the power to review complaints involving ethics violations by State agencies. The plaintiff must pursue such complaints using state administrative remedies.

In summary, after de novo consideration of the record, this Court hereby ACCEPTS and ADOPTS the magistrate judge's recommendation that the action be dismissed, but for reasons not stated in the magistrate judge's report. Accordingly, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit,

he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    July 5, 2005

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE